615 S.E.2d 110

**MARTIN ENGINEERING, INC., Appellant,**

**v.**

**LEXINGTON COUNTY SCHOOL DISTRICT ONE and Sharp Construction Company of Sumter, Inc., Respondents.**

No. 26002.

Supreme Court of South Carolina.

Heard April 5, 2005.
Decided June 20, 2005.

R. Bryan Barnes and Katherine B. Barroll, both of Rogers, Townsend & Thomas, of Columbia, for Appellant.

David T. Duff, Darryl C. Caldwell, both of Duff, Turner, White & Boykin; and Henry Pickett Wall, of Burner, Powell, Robbins, Wall & Mullins, all of Columbia, for Respondents.

C. Allen Gibson, Jr., of Buist, Moore, Smythe & McGee, of Charleston, for Amicus Curiae Carolinas Associated General Contractors.

Lawrence C. Melton and Brian A. Autry, both of Nexsen, Pruet, Adams, Kleemeier, L.L.C.; of Columbia, for Amicus Curiae The South Carolina Chapter of the American Institute of Architects.

Scott Thomas Price, of Columbia, for Amicus Curiae The South Carolina School Boards Association.

Justice WALLER:

We certified this case from the Court of Appeals pursuant to Rule 204(b), SCACR. At issue is whether Lexington County School District One (District) properly allowed Respondent Sharp Construction Company (Sharp), to amend its bid on the Lexington High School Additions and Renovations Project (Project). The circuit court granted District summary judgment, holding the correction was properly allowed. We affirm.

## FACTS

In August 2003, District received bids for the Project. Sharp was the low bidder with a bid of $16,300,000.00. Appellant, Martin Engineering, was the second lowest bidder with a bid of $17,375,000.00. Immediately after the bids were opened, Sharp advised District it had inadvertently neglected to include a roofing subcontractor's bid in its overall bid. It requested to be allowed to correct its bid by adding the roofing cost, $613,500.00, to its bid. Alternatively, Sharp requested to withdraw its bid. District allowed Sharp to

adjust its bid, resulting in an overall bid by Sharp of $16,913,500.00, some $461,500.00 less than Martin's bid.[1] Martin filed a complaint in the circuit court seeking an injunction. The circuit court held the adjustment was properly allowed in compliance with District's Procurement Code and Regulations.

## ISSUES

1. Did the circuit court err in holding District properly allowed the upward adjustment?

2. Did the court err in finding Sharp would suffer a substantial loss if it were not allowed to correct its bid?

## 1. CORRECTION OF BID

District's Procurement Code, Article 2, Section 2–102 controls Competitive Sealed Bidding. In particular, section 2–102(10), "Correction or Withdrawal of Bids: Cancellation of Awards" states:

> Corrections or withdrawal of inadvertently erroneous bids before or after award, or cancellation of awards or contracts based on such bid mistakes may be permitted where appropriate.

> After bid openings, no change in bid prices or other provisions of bids prejudicial to the interest of the school district or fair competition will be permitted. A bidder must submit a written request to either correct or withdraw a bid to the school district. Each written request must document the fact that the bidder's mistake is clearly an error that will cause him substantial loss. In order to maintain the integrity of the competitive sealed bidding process, **a bidder will not be permitted to correct a bid mistake after bid opening that would cause such bidder to have the low bid, unless the mistake, in the judgment of the school district, is clearly evident from examining the bid document:** for example, extension of unit prices or errors in addition. All decisions to permit the correction of (sic) withdrawal of bids, or to cancel awards or contracts based

---

1. These facts were stipulated by the parties.

on bids mistakes, will be supported by a written determination.

(emphasis supplied).[2]

■ Martin contends that unless an error is clearly evident by examining the bid document itself, no correction is permissible. We disagree. It is patent from the language of § 2–102(10) that only a correction which **causes the bidder to have the low bid** requires the mistake be **clearly evident from examining the bid document.** On the other hand, where the bid correction does not **cause** the bidder to have the low bid, nothing in § 2–102 requires District to confine its review to the bid document itself.

Here, the item Sharp failed to include in its bid the bid of its roofing subcontractor, Watts. There was evidence that three different roofing contractors had utilized the identical roof bid from Watts in bidding on District's project. Moreover, Sharp had listed Watts as a sub-contractor in its bid. This evidence was in existence prior to the time the bids were opened. From this evidence, we find it was within District's discretion to determine that correction of Sharp's inadvertently erroneous bid was proper, and that the correction would not be prejudicial to the interests of the school district or fair competition.

Martin asserts the integrity of the bidding process and the need for fair competition require clear rules for post opening bid corrections. While we are not unmindful of the need to preserve the integrity of the bidding process, we find no violation of the rules in this case. Martin has not shown that the procedures followed by District render the upward correction unfair or unjust, nor has he demonstrated in what manner the correction was prejudicial to the District or to fair competition.

---

**2.** District's Procurement Regulation No. 15 similarly provides:

To maintain the integrity of the competitive sealed bidding system, a bidder will not be permitted to correct a bid mistake after a bid opening that would **cause the bidder to have the low bid** unless the mistake, in the judgment of the Procurement Officer, is clearly evident from examining bid documents, e.g., extension of unit prices or errors in addition.

As noted by District's order in this case, "It is true that Sharp's omission of the price for the build-up roof was not apparent from the bid form itself. However, the mistake is clear, and the amount Sharp intended to bid for the roof is evident, by examining the roofing subcontractor's sub-bid, which was submitted to several of the bidders, including Sharp and Martin." We agree with the District that allowing the correction in this case neither jeopardized the integrity of the sealed bidding process, nor was it prejudicial to the interests of the District or fair competition. To the contrary, to accept Martin's argument that District must reject Sharp's bid and accept its bid, some $461,500.00 higher than Sharp's corrected bid, would clearly be prejudicial to the District requiring it to expend substantially more money.

Martin cites case law from other jurisdictions as supporting its claim that post-opening bid amendments are impermissible unless an error is readily apparent on the face of the bid.[3] We find cases from other jurisdictions, addressing other state procurement codes, are simply inapplicable to District's procurement code.

## 2. SUBSTANTIAL LOSS

■ Martin next asserts Sharp failed to produce evidence that the bid mistake would cause him "substantial loss" as required by section 2–102(10) ("each written request must document that the bidder's mistake is clearly an error that will cause him substantial loss"). Accordingly, Martin contends the circuit court erred in finding "it patently reasonable to determine that omitting $613,000 in this Project would constitute a substantial loss." We disagree.

It is uncontroverted that Sharp neglected to include $613,000.00 for the roof build up in its bid on the project. Although it is unclear precisely the extent to which this affects Sharp's overall profit margin, we find that $613,000.00 constitutes a substantial loss.

---

3. Martin also cites three State Procurement Review Panel decisions which hold that in order for an upward correction of a competitive sealed bid to be permissible, the error must be apparent from the face of the bid documents. None of these cases has been reviewed by this Court. Moreover, we simply do not find the State Panel decisions controlling under the facts of this case.

The circuit court's order granting District summary judgment is

**AFFIRMED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.